UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNTIED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:07-CR-52-TS |
| | ) | (1:09-CV-313) |
| MARCUS L. CANNON | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [DE 43], filed on November 9, 2009, by the Defendant, Marcus L. Cannon, who is now proceeding *pro se*. On November 19, the Government filed a Response to Motion Under 28 U.S.C. § 2255 [DE 45]. For the reasons set forth in this Opinion and Order, the Defendant's Motion is denied, and no certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c)(2).

**BACKGROUND**

On May 24, 2007, the Government charged the Defendant by way of an Indictment [DE 1] with three counts of distributing less than five grams of crack cocaine and one count of possessing with intent to distribute five grams or more but less than fifty grams of crack cocaine, all in violation of 21 U.S.C. § 841(a)(1). On this same date, the Government filed a Notice of Penalties [DE 2] advising the Defendant of his potential penalties, including those that would apply if he had a prior conviction for a felony drug offense that had become final. On July 7, 2008, a Plea Agreement [DE 21], which was signed by the Defendant, defense counsel, and the Government, was filed in this case, and the Court scheduled a change of plea hearing for July 14.

On July 14, the Government filed an Information Pursuant to 21 U.S.C. § 851(a)(1)

[DE 23], informing the Defendant that the Government intended to seek an enhanced sentence on the basis of the Defendant's March 1, 2004, conviction for possession of cocaine in cause number 02D04-0307-FB-124, in the Allen Superior Court, Allen County, Indiana. The Defendant appeared in person and by counsel at the change of plea hearing. After establishing that the Defendant was competent to proceed, after informing the Defendant of the various matters (including the terms of the Plea Agreement waiving his right to appeal and to collaterally attack his sentence) required by Federal Rule of Criminal Procedure 11(b)(1), after ensuring that the Defendant understood these matters and that his plea was knowingly and voluntarily entered, and after establishing a factual basis for his plea, the Court accepted his plea of guilty to Count 4 of the Indictment, and adjudged him guilty of the offense.

On October 23, 2008, after reviewing the Presentence Investigation Report prepared by the probation officer, the Court accepted the Plea Agreement, granted the Government's oral motion to dismiss Counts 1, 2, and 3 of the Indictment, granted the Government's Motion Pursuant to U.S.S.G. § 3E1.1(b) for an additional one level decrease in the Defendant's offense level, and sentenced the Defendant to 120 months of imprisonment, the statutory mandatory minimum. In accordance with the Plea Agreement, the Court ordered the Defendant's sentence to run concurrent with a sentence that had been imposed in the Denver County District Court in a separate cause.

The Defendant did not take a direct appeal, but on November 9, 2009, he filed his *pro se* Motion under 28 U.S.C. § 2255. On November 19, the Government filed its Response to Motion Under 28 U.S.C. § 2255. The Government argues that, through his Plea Agreement and guilty plea, the Defendant waived all of the challenges asserted in his Motion because he knowingly

and voluntarily waived his right to present a motion under § 2255.

## DISCUSSION

A court may grant relief from a federal conviction or sentence pursuant to § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "[R]elief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States,* 476 F.3d 518, 521 (7th Cir. 2007). "[R]elief is appropriate only for an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Harris v. United States,* 366 F.3d 593, 594 (7th Cir. 2004) (internal quotation marks and citation omitted). A court may deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

In his Motion, the Defendant asserts five grounds for relief: the Court did not ask the Defendant whether he affirmed or denied his previous conviction or give him a warning pursuant to 21 U.S.C. § 851(b); his attorney provided misleading information about the likely sentence he would receive if he proceeded to trial; his attorney did not inform him that he could challenge his prior conviction and had to do so before sentencing; the Government abused its discretion in seeking an enhancement under 21 U.S.C. § 851; and he should have received more benefits for

assisting the Government in another investigation. The Defendant requests that the Court vacate the guilty plea, or, in the alternative, vacate his sentence and impose a new sentence without any statutory enhancement for his previous conviction. The Defendant does not suggest that he should lose any of the benefits he received in exchange for his guilty plea, such as his sentence being imposed to run concurrent with the sentence imposed by another district court. The Government has responded that the waiver provision of the Plea Agreement bars the action and that the Court should not consider the merits of his claims.

A plea agreement is a type of contract subject to contract law principles tempered by limits that the Constitution places on the criminal process. *See United States v. Bownes*, 405 F.3d 634, 636 (7th Cir. 2005). Waivers, including those that waive the right to collaterally attack a conviction or sentence, are enforceable as a general rule. *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999). An appellate waiver is enforced if its terms are "express and unambiguous," *see United States v. Woolley*, 123 F.3d 627, 632 (7th Cir. 1997), and if the record shows that the defendant "'knowingly and voluntarily'" entered into the agreement, *United States v. Jemison*, 237 F.3d 911, 917 (7th Cir. 2001) (quoting *Jones*, 167 F.3d at 1144). The Seventh Circuit has held that only two claims can be raised in a § 2255 motion by a defendant who has expressly and unambiguously waived his right to collaterally attack his conviction and sentence: (1) the waiver was not knowingly and voluntary made; or (2) counsel was ineffective in negotiating the waiver. *Jones*, 167 F.3d at 1145 (stating that "we reiterate that waivers are enforceable as a general rule; the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver"). In *Mason v. United States,* 211 F.3d 1065, 1069 (7th Cir. 2000), the court applied its holding in

4

*Jones* to bar an ineffective assistance of counsel claim that related only to counsel's performance with respect to sentencing. The court found that "[b]ecause the challenge has nothing to do with the issue of a deficient negotiation of the waiver, [the defendant] has waived his right to seek post-conviction relief." *Id.* Additionally, the Court stated that the following analysis should be considered in determining whether a claim has been waived: "can the petitioner establish that the waiver was not knowingly or voluntarily made, and/or can he demonstrate ineffective assistance of counsel with respect to the negotiation of the waiver?" *Id.*

The Defendant does not dispute that the waiver term was express and unambiguous. In Paragraph 7(e), he relayed his understanding that "the law gives a convicted person the right to appeal the conviction and the sentence imposed," that "no one can predict the precise sentence that will be imposed," and that "the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement." (Plea Agreement ¶ 7(e), DE 21.) Paragraph 7(e) continued:

> [W]ith this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and my sentence and any restitution order imposed or the manner in which my conviction or my sentence or the restitution order was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, *a proceeding under Title 28, United States Code, Section 2255*.

(*Id.*) (emphasis added). The waiver was express and unambiguous with respect to the filing of a § 2255 motion.

Likewise, the Defendant does not dispute that he knowingly and intelligently waived his right to appeal or to collaterally attack his conviction and sentence as part of his Plea Agreement

5

with the Government. To determine if a defendant knew and understood the plea agreement, a court examines the language of the plea agreement itself and also looks to the plea colloquy between the defendant and the judge. *Woolley*, 123 F.3d at 632; *see also United States v. Sura*, 511 F.3d 654, 661 (7th Cir. 2007) (observing that the district court must inform the defendant of an appellate waiver during the Rule 11 colloquy). In the Plea Agreement, the Defendant stated his belief that his "lawyer ha[d] done all that anyone could do to counsel and assist [him], and that [he] . . . underst[oo]d the proceedings in this case against [him]." (Plea Agreement ¶ 10.) He also declared that he "offer[ed] [his] plea of guilty freely and voluntarily and of [his] own accord," and that "no promises ha[d] been made to [him] other than those contained in this agreement, nor ha[d] [he] been threatened in any way by anyone to cause [him] to plead guilty in accordance with this agreement." (Plea Agreement ¶ 11.)

As noted above, on July 14, 2008, the Court conducted a change of plea hearing, at which the Court engaged the Defendant in a detailed colloquy regarding the terms of the Plea Agreement, his waiver of his rights, the consequences of pleading guilty, and his knowing and voluntary entry of his guilty plea. The Defendant has not pointed to any deficiency in the Court's Rule 11 colloquy. When a sentencing court engages a defendant in a detailed colloquy pursuant to Federal Rule of Criminal Procedure 11 and discusses with the defendant his rights and the consequences of his guilty plea, the testimony of the defendant at that hearing is accorded a "presumption of verity." *United States v. Ellison*, 835 F.2d 687, 693 (7th Cir. 1987) (stating that the "whole point of the plea proceeding (the Rule 11 colloquy) is to establish that the plea was knowingly and voluntarily made"); *see also United States v. White*, 597 F.3d 863, 868 (7th Cir. 2010) (stating that "[v]oluntary responses made by a defendant under oath before an examining

6

judge . . . are binding"). "[A] careful plea colloquy under Rule 11 ensures that the guilty plea is knowing and voluntary," *United States v. Schuh,* 289 F.3d 968, 975 (7th Cir. 2002), and courts may consider a defendant's signature on the plea agreement and his statements during the plea colloquy as evidence of a knowing and voluntary waiver, *Jemison,* 237 F.3d at 917.

Early in the hearing, the Defendant expressed his understanding that he could confer with counsel at any point in the proceeding and that it was very important that he understood each question of the Court before he answered. After swearing the Defendant, the Court inquired about his competence and found that he was able to understand the significance of the proceeding and was competent to continue with his change of plea. The Defendant attested that he had ample opportunity to discuss his case with counsel, that he was fully satisfied with counsel's representation and advice, that there were no terms in the Plea Agreement that he did not understand, that no one had made any promises or assurance to persuade him to accept the Plea Agreement that were not in the Plea Agreement, and that no one had threatened him to accept the Plea Agreement. The Court then entered into an extensive dialogue with the Defendant regarding his understanding of specific terms of the Plea Agreement, including his waiver in Paragraph 7(e). The Court asked the Defendant if he understood that, according to Paragraph 7(e), that he would have "no right to appeal [his] conviction or sentence, and the manner in which [his] conviction and sentence were imposed," and that he would also be prohibited "from collaterally attacking through a habeas corpus petition [his] conviction or sentence, and the manner in which [his] conviction and sentence were imposed," (Hr'g Tr. 10), and the Defendant answered in the affirmative. The Court emphasized this point by asking him if he had any question about "giving up the right to attack [his] conviction or sentence through a

7

habeas corpus proceeding," (Hr'g Tr. 8), and he answered in the negative. The Court also inquired whether he understood that, in Paragraph 7(f), he was "agreeing to give up any right [he] may have to claim ineffective assistance of legal counsel, unless that claim relates directly to this appellate waiver, that is, this specific provision of the plea agreement or its negotiation," (Hr'g Tr. 9), and he affirmed his understanding. The Defendant then indicated that he had no questions about what was included in the waiver of his right to appeal. He also stated that he was pleading guilty of his own free will.

Later in the plea colloquy, after the Court asked the Defendant whether he understood that the sentence the Court ultimately imposed could be different from any estimate that his attorney may have given him, the Court again revisited the matter of the Defendant's waiver of his "right to appeal and collaterally attack all or part of the sentence." (Hr'g Tr. 14.) The Defendant affirmatively expressed that he understood those terms, and confirmed his understanding that such waivers are generally valid and that he would likely be prevented from appealing his sentence or challenging it through a habeas corpus petition. (Hr'g Tr. 14–15.) After being advised of his various rights and indicating that he had no questions, the Defendant stated that he still wanted to plead guilty.

The Defendant does not contend that the waiver was not knowingly and voluntarily made, or that he did not understand the terms of his Plea Agreement. However, one of the Defendant's claims can be construed as a "claim of ineffective assistance of counsel in connection with the negotiation of a [plea] agreement [that] cannot be barred by the agreement itself—the very product of the alleged ineffectiveness." *Jones*, 167 F.3d at 1145. The Defendant claims in the second ground alleged in his Motion that his counsel should not have indicated that

8

he would receive a life sentence if he proceeded to trial because such a sentence was unlikely given that his guideline range was much lower. He contends that if his attorney had told him his likely sentence, he "might have gone to trial." (Mot. 5, DE 43.) Essentially, the Defendant is claiming that because he believed the difference in his potential sentences was that between life (if he lost at trial) and ten years (if he pleaded guilty), his counsel's statements induced him to waive his rights, including his appellate and collateral attack rights.

To successfully establish an ineffective assistance of counsel claim, a defendant must provide evidence that his attorney's performance fell below an objective standard of reasonableness (the "performance" prong) and that the counsel's deficiencies prejudiced his defense (the "prejudice" prong). *Strickland v. Washington*, 466 U.S. 668, 688–92 (1984); *see also Bridgeman v. United States*, 229 F.3d 589, 592 (7th Cir. 2000) (ruling that "to demonstrate prejudice arising from a guilty plea allegedly rendered involuntary by counsel's deficient performance, a petitioner must establish that counsel's performance was objectively unreasonable and that, but for counsel's erroneous advice, he would not have pleaded guilty"). "This test is 'highly deferential' to counsel and presumes reasonable judgment and effective trial strategy." *Hays v. United States*, 397 F.3d 564, 568 (7th Cir. 2006) (quoting *United States v. Scanga*, 225 F.3d 780, 783–84 (7th Cir. 2000)).

Here, the Defendant fails to establish either prong. Taking the facts alleged by the Defendant as true, his lawyer accurately advised him that he potentially faced life imprisonment if he was convicted. He also correctly informed him of the consequence of a guilty plea, a ten-year sentence. It is not only proper for an attorney to make an assessment of his client's case, including the potential outcome of a trial, and to advise that he should take a plea offer, but it is

9

his professional responsibility. *See United States v. Messino*, 55 F.3d 1241, 1251–52 (7th Cir. 1995) (stating that it was not coercive for counsel to tell his client that he would most likely be convicted if he went to trial and that a plea was in his best interest). The Defendant's argument is not that his lawyer misinformed him of the potential penalties, but that he did not tell him it was unlikely that he would receive a life sentence if he was convicted after a trial. Because the Defendant has not established that his attorney's advice was incorrect, his performance was not objectively unreasonable, thereby foreclosing any claim that counsel's ineffectiveness rendered his plea involuntary. *Cf. United States v. Martinez*, 169 F.3d 1049, 1053 (7th Cir. 1999) (stating that a counsel's prediction regarding his client's sentence that constitutes a "gross mischaracterization" of the applicable penalties may demonstrate objective unreasonableness of counsel's performance).

In addition, the Defendant cannot establish with objective evidence a reasonable probability that but-for counsel's advice, he would not have accepted the plea. *See McCleese v. United States*, 75 F.3d 1174, 1179 (7th Cir. 1996); *see also Wyatt v. United States*, 574 F.3d 455, 458 (7th Cir. 2009) (citing *Julian v. Bartley*, 495 F.3d 487, 498 (7th Cir. 2007), for the proposition that, in the plea agreement context, the prejudice prong focuses on whether counsel's performance was a decisive factor in the decision to plead guilty rather than to pursue other options). The Seventh Circuit has "stated many times that a mere allegation by the defendant that he would have insisted on going to trial is not sufficient to establish prejudice." *Bethel v. United States*, 458 F.3d 711, 718 (7th Cir. 2006); *cf. Toro v. Fairman*, 940 F.2d 1065, 1068 (7th Cir. 1991) (holding that the defendant's self-serving statement alone was insufficient to establish prejudice with respect to acceptance of a plea). The Defendant's submission, in addition to being

merely his allegation and devoid of any objective evidence, does not establish that his counsel's advice was a decisive factor; the Defendant claims that if his attorney had told him the likely sentence, he "might have gone to trial." (Mot. 5.) Accordingly, § 2255 relief is not available for the second ground alleged in the Defendant's Motion.

The remaining grounds asserted in the Defendant's Motion are waived by his valid and enforceable waiver of his right to file a motion under 28 U.S.C. § 2255 to challenge his conviction or sentence. Accordingly, the Court, having considered the Defendant's Motion, the submissions, and the record in this matter, denies the Defendant's Motion Under 28 U.S.C. § 2255 without reaching the merits of his claim and without an evidentiary hearing.[1]

## CERTIFICATE OF APPEALABILITY

Under Rule 11(a) of the Rules Governing Section 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), the applicant must make "a substantial showing of the denial of a constitutional right" by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotation marks and citation omitted). When a district court dismisses a petition on procedural grounds without reaching the underlying constitutional claims, the petitioner must show that "jurists of reason would find it debatable

---

[1] A hearing is also unnecessary because the Defendant's Motion was not accompanied by a detailed and specific affidavit showing that the Defendant has actual proof of the allegations that goes beyond mere unsupported assertions. *See Galbraith v. United States*, 313 F.3d 1001, 1009 (7th Cir. 2002).

whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Rule 11(a) permits a district court to direct the parties to submit arguments on whether a certificate of appealability should issue. However, additional argument is not necessary here. Given the Defendant's knowing and voluntary waiver of his right to collaterally attack his sentence, the Defendant cannot make the necessary showing as no reasonable jurist would find it debatable whether this Court was correct in its ruling on his Motion. Consequently, the Court will deny a certificate of appealability as to the Defendant's Motion.

## CONCLUSION

For the foregoing reasons, the Court DENIES the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [DE 43] and DENIES a certificate of appealability as to the Defendant's Motion. The Defendant may seek a certificate of appealability from the court of appeals under Federal Rule of Appellate Procedure 22.

SO ORDERED on May 17, 2010.

                                           s/ Theresa L. Springmann
                                          THERESA L. SPRINGMANN
                                          UNITED STATES DISTRICT COURT